IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| VALERIE MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  06-3132 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Petitioner Valerie Morgan's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) (Petition). The Court now makes the initial consideration of Petitioner's Petition under Rule 4 of the Rules Governing § 2255 Cases, and finds that summary dismissal is warranted.

BACKGROUND

On April 26, 2004, pursuant to a written Plea Agreement, Morgan pleaded guilty to the charges of Wire Fraud in violation of 18 U.S.C. § 1343 (Count 3), as alleged in the Superseding Indictment (Case. No 03-30063, d/e 52), and Illegal Monetary Transaction in violation of 18 U.S.C. § 1957

1

(Count 13), as alleged in the Superseding Indictment. Pursuant to the Plea Agreement, Morgan waived her right to collaterally attack her conviction and/or sentence.[1]  See Case No. 02-30063, Plea Agreement (d/e 188).

At the change of plea hearing, before accepting Morgan's pleas of guilty to Counts 3 and 13 of the Superseding Indictment, the Court conducted a thorough colloquy pursuant to Federal Rule of Criminal Procedure 11. During the Rule 11 colloquy exchange between the Court and Morgan, the Court repeatedly asked Morgan whether she was entering her plea knowingly and voluntarily, and Morgan responded affirmatively. When the Court asked her whether she had an opportunity to read the Plea Agreement and discuss the contents of the Agreement with her retained attorney, Bradley Stephenson, Morgan said "I did." When the Court asked Morgan whether she was satisfied with her attorney's representation, Morgan said "I am." Following the Rule 11 colloquy, the Court accepted Morgan's pleas of guilty to Counts 3 and 13 of the Superseding Indictment.

On May 2, 2005, Petitioner filed a Motion to Withdraw Plea (02-30063, d/e 216), based upon numerous grounds, including that: (1) the

---

[1] Morgan reserved her right to appeal her sentence in the event the Court determined that her offense level under the U.S.S.G. was a level 21 or higher. Plea Agreement, ¶ 9.

Government engaged in unjust misrepresentations, falsehoods, and unconstitutional coercive behavior, (2) the Government failed to allow her to enter an Alford plea, (3) the Government failed to accept her version and assertions about how Morgan & Associates (M&A) did work on the Moorman's project, (4) the Government blocked vital defense evidence, (5) the prosecutor told Petitioner that she would not have to agree to the charges if she pled guilty, only if she understood them; and that (6) her attorney was inexperienced in federal court.  See North Carolina v. Alford, 400 U.S. 25 (1970).  After a hearing, the Court rejected all of Morgan's claims because they were either baseless or belied by her own statements at the change of plea hearing.  The Court thus did not find any basis to allow Petitioner's Motion to Withdraw Plea, and denied the Motion.

On May 12, 2005, this Court sentenced Petitioner to a total of 48 months of imprisonment on each of Counts 3 and 13, to run concurrently.[2] Petitioner was ordered to pay $524,161.19 in restitution.  Petitioner was ordered to serve a term of three years of supervised release on each count of conviction, to run concurrently. On May 20, 2005, Petitioner filed a Notice

---

[2]The Court determined that Morgan's final offense level was 23.  Case No. 02-30063, Order entered May 17, 2005 (d/e 227) at 5.

of Appeal. On May 9, 2006, Petitioner filed a motion to dismiss her appeal, and the Court of Appeals accordingly dismissed Petitioner's appeal on May 10, 2006. Petitioner has now filed a § 2255 habeas petition.

As she did in the May 12, 2005, hearing on her Motion to Withdraw Guilty Plea, Petitioner raises similar arguments why her conviction and sentence should be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. First, Petitioner argues that the Government engaged in prosecutorial misconduct and violated her right to due process by failing to search ADM/Moorman's and co-defendant Virginia Rainey's computer, which would have revealed that M&A billed Moorman's for services that it, in fact, had rendered.[3] She further contends that the Government engaged in prosecutorial misconduct, violated her right to due process, and perpetrated fraud upon the Court by conspiring with her former counsel Bradley Stephenson in coercing her to plead guilty.

Second, Petitioner argues that her former attorney Stephenson, whom

---

[3] Petitioner further states that she did not engage in any criminal activity with respect to billing and accounting for all monies spent by M&A on behalf of Moorman's. Morgan contends that, with her personal credit card, she purchased "office equipment, supplies, etc., paid for lunches, gas, books, etc. . . . ." Petition, at 19. She also states that "[s]he then highlighted only the business purchases and gave the receipts and the entire statement to the accountant, nothing furtive or underhanded. Yet, the prosecution strategically concealed this information . . . ." Id.

she claims not only lacked experience in criminal prosecutions, but also lacked a sense of responsibility to his client, rendered ineffective assistance of counsel because: (1) he failed to bring M&A's billing information and other exculpatory evidence to the Court's attention; (2) he coerced her into entering into a Plea Agreement with the Government by making false promises, including his promise that she would be entering into an <u>Alford</u> plea; and (3) he failed to explain to her about the questions she would be asked at the change of plea hearing.

> Paragraph 10 of the Plea Agreement provided as follows:
>
> The defendant also understands that she has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that she received ineffective assistance from her attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack.  The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255.  The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands her rights under the statute.  Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives her right to collaterally attack the conviction and/or sentence.  The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant.  The defendant specifically acknowledges that the decision to waive the right to challenge

any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone nothwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right.  Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives her right to collaterally attack the conviction and/or sentence.  The rights waived by the defendant include his [sic] right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

Plea Agreement, ¶ 10.

The Seventh Circuit has explained that a plea agreement containing a clause that waives a petitioner's "right to file a § 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement."  Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000)(citing Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000)).  In order to assess the counsel's performance or conduct during the pleading phase, the Supreme Court has held that courts must apply the Strickland test.  Hill v. Lockhart, 474 U.S. 52, 57-58 (1985); Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, to prevail on her claim of ineffective assistance of counsel during the plea negotiation stage, Morgan must show that: (1) her attorney's performance was

6

objectively unreasonable, and (2) such performance prejudiced her. Strickland, 466 U.S. at 687-88. The Court evaluates "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. This Court's review of counsel's performance is "highly deferential." Id. at 689.

In the present case, the Court finds that by signing the written Plea Agreement and agreeing to the terms set forth in the Plea Agreement, and by stating in open court that she was knowingly and voluntarily pleading guilty, Petitioner waived her right to file a collateral attack based upon all of the grounds Petitioner now raises in her Petition, including her ineffective assistance of counsel claim. Other than her bare assertions, there is no evidence in the record to support Morgan's claims.[4] Morgan's assertions are

---

[4] The Court notes that Petitioner has submitted two tape-recorded phone conversation between Attorney Stephenson and herself. Petitioner contends that these tapes clearly show that the information relied upon by the Court in sentencing her was erroneous. Petitioner contends that these taped-recordings reveal that: (1) Stephenson committed perjury when he testified at the May 12, 2005, hearing, and as a result, Petitioner's sentence is illegal because she was sentenced as a direct result of his perjured testimony, (2) Assistant United States Attorney Patrick Hansen was a knowing participant with Stephenson in getting a false guilty plea out of Petitioner, (3) Hansen withheld relevant information from the Court, which "skewed the Court's foundation of facts from which the sentence was ordered." Morgan Letter dated May 1, 2006. The Court has reviewed these tapes; the tapes do not support Petitioner's assertions. The tapes do not demonstrate that Stephenson committed perjury in open court. Nor do they demonstrate that AUSA Hansen and Stephenson conspired in getting Petitioner to plead guilty. In reviewing the record, it appears that Morgan voluntarily and knowingly pleaded guilty to the two charges in order to avoid going to trial and facing the

further belied by her own statements during the change of plea hearing that: (1) she was satisfied with her attorney's service, (2) she had thoroughly discussed the terms of the Plea Agreement with her attorney, (3) she was pleading guilty to the charges in Counts 3 and 13 because she was in fact guilty of the charges in her own mind, and (4) that she was knowingly and voluntarily giving up her right to collaterally attack her conviction and/or sentence. More importantly, this Court has already addressed all of the issues that Morgan now raises in her Petition during the evidentiary hearing held on May 12, 2005, on Morgan's Motion to Withdraw Guilty Plea.

With respect to Morgan's argument that the Government engaged in prosecutorial misconduct by failing to consider the fact that M&A actually performed work for Moorman's, this Court noted, at the hearing on May

---

possibility of being convicted on all 19 counts, which would have resulted in a very lengthy prison term. Stephenson testified at the hearing that he initially tried to obtain an Alford plea for Morgan but was unsuccessful. Transcript of Hearing held May 12, 2005 at 100. He testified that he was finally able to come to an agreement with the Government regarding the specific wording of the Plea Agreement that resembled an Alford plea in which Morgan would only admit to the factual statements in the Superseding Indictment, but maintained her innocence with respect to the remaining charges. Id. at 102, 130-131. He testified that he advised Morgan to enter a guilty plea on Counts 3 and 13 because it would be in her best interest; he testified that he believed that, if Morgan went to trial, there was a possibility that she would be convicted on all 19 charges, facing a much lengthy sentence. Id. at 107-108. He further testified that Morgan remained firm in her belief that she was innocent and that she had reservations about signing the Plea Agreement, but eventually agreed to sign the Plea Agreement. Id. at 107. Stephenson's statements in the tape recordings are consistent with the testimony Stephenson gave in open court during the May 12, 2005, hearing.

12, 2005, that the Government had a legitimate basis for its theory that M&A did not perform any work for Moorman's. This Court further noted that the fact that the Government failed to accept Morgan's version of the story did not show that the Government violated Morgan's constitutional rights. As such, this Court found that there was no prosecutorial misconduct. <u>Transcript of Hearing held May 12, 2005</u> at 164.

With respect to Morgan's contention that the prosecutor conspired with Stephenson in causing her to plead guilty by promising her that she would not have to admit to the charges if she pleaded guilty, this Court on May 12, 2005, noted that Morgan's assertion was belied by her own statement during the change of plea hearing. When the Court asked Morgan, during the change of plea hearing, whether she was pleading guilty to Counts 3 and 13 because she was, in fact, guilty of the charges in her own mind, she responded affirmatively.

With respect to Morgan's argument that Stephenson rendered ineffective assistance of counsel, this Court noted, at the hearing on May 12, 2005, that based upon Stephenson's testimony in court, it was apparent that Stephenson had obtained beneficial concessions from the Government in the Plea Agreement that the Government had not been willing to make

9

earlier. <u>Transcript of Evidentiary Hearing held May 12, 2005</u> at 169. The Court determined that Stephenson had done a very good job in securing the best Plea Agreement for Morgan that was attainable under the facts and circumstances.[5]

CONCLUSION

THEREFORE, the Court summarily dismisses Petitioner Morgan's Petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct her Sentence (d/e 1).

IT IS THEREFORE SO ORDERED.

ENTER: August 22, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE

---

[5] Morgan asks the Court to censure retained counsel Guy Womack for causing her illegal incarceration. Morgan admits that Womack had no part in getting her to enter a guilty plea or in her sentencing. As such, the Court sees no basis to grant Morgan's request. Morgan also claims that Bryan Federal Prison Camp has thwarted her access to court and, thus, requests that she be released so that she can prepare for an evidentiary hearing on her Petition at her home. The request is denied because such relief is not appropriate under habeas corpus actions. Moreover, the Court sees no basis to grant an evidentiary hearing on Morgan's Petition.