IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| VALERIE MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 06-3132 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner's Notice of Appeal (d/e 5), interpreted as a Motion for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) (Motion). For the reasons set forth below, Petitioner Valerie Morgan's (Morgan) Motion is DENIED.

On June 23, 2006, Morgan filed a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (d/e 1) (Petition). On August 22, 2006, this Court dismissed Petitioner Morgan's Petition, pursuant to Rule 4 of the Rules Governing § 2255 Cases. See August 22, 2006 Opinion (d/e 3). Petitioner Morgan's Petition concerned the following questions: (1) was Morgan denied due process, in violation of

1

the Fifth Amendment, when the Government allegedly engaged in prosecutorial misconduct by failing to search ADM/Moorman's and co-defendant Virginia Rainey's computer, which would have revealed that M&A billed Moorman's for services that it, in fact, had rendered; (2) was Morgan denied due process, in violation of the Fifth Amendment, when the Government allegedly engaged in prosecutorial misconduct by conspiring with her counsel, Bradley Stephenson, in coercing her to plead guilty; (3) was Morgan denied ineffective assistance of counsel, in violation of the Sixth Amendment, when her attorney allegedly: (i) failed to bring M&A's billing information and other exculpatory evidence to the Court's attention, (ii) coerced her into entering into a Plea Agreement with the Government by making false promises, including his promise that she would be entering into an <u>Alford</u> plea, and (iii) failed to explain to her about the questions she would be asked at the change of plea hearing.

Appellate proceedings on collateral review cannot commence without a Certificate of Appealability (COA), either from a district court judge or from a judge of the Court of Appeals.  28 U.S.C. § 2253(c); <u>Fed. R. App. P.</u> 22(b).  If a petitioner requests a COA, the district judge who rendered the judgment must either issue a COA or state why a certificate should not be

issued. A court may issue a COA for a decision denying a 28 U.S.C. § 2255 petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for her Motion to be accepted, Morgan must show that "reasonable jurists could debate whether the challenges in [her] habeas petition should [have] been resolved differently or that [her] petition adequately shows a sufficient chance of the denial of a constitutional right that [s]he deserves encouragement to proceed further." Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000).

Petitioner Morgan has made no such showing.[1] This Court previously addressed all of the claims advanced by Morgan in her habeas Petition during the May 12, 2005, hearing on her Motion to Withdraw Guilty Plea (Case No. 02-30063, d/e 216). No reasonable jurist would

---

[1] In support of her Petition, Morgan submitted two tape-recorded phone conversation between Attorney Stephenson and herself, contending that these tape-recordings show that: (1) Stephenson committed perjury when he testified at the May 12, 2005, hearing, and as a result, Petitioner's sentence was illegal because she was sentenced as a direct result of his perjured testimony, (2) Assistant United States Attorney Patrick Hansen was a knowing participant with Stephenson in getting a false plea out of Petitioner, and (3) Hansen withheld relevant information from the Court, which "skewed the Court's foundation of facts from which the sentence was ordered." Morgan Letter dated May 1, 2006 (d/e 2), p. 1. After reviewing these tapes, this Court concluded that these tapes did not support Morgan's assertions. Reasonable jurists would not disagree with this Court's earlier determination that the tapes failed to support Morgan's claims.

3

dispute the finding that Morgan was not denied due process when the Government failed to search ADM/Moorman's and co-defendant Virginia Rainey's computer, which would have allegedly revealed that M&A billed Moorman's for services that it, in fact, had rendered.  As this Court noted at the hearing on May 12, 2005, the Government had a legitimate basis for its theory that M&A did not perform any work for Moorman's.  This Court further noted that the fact that the Government failed to accept Morgan's version of the story did not show that the Government violated Morgan's constitutional rights.

Further, no reasonable jurists would dispute the finding that Morgan was not denied due process.  This Court on May 12, 2005, noted that Morgan's assertion that the prosecutor allegedly conspired with Stephenson in causing her to plead guilty by promising her that she would not have to admit to the charges if she pleaded guilty was belied by her own statement during the change of plea hearing.  At the change of plea hearing, Morgan responded affirmatively when the Court asked whether she was pleading guilty to Counts 3 and 13 of the Superseding Indictment (Case No. 03-30063, d/e 52) because she was, in fact, guilty of the charges in her own mind.

It is also undisputable that Morgan was not denied effective assistance of counsel. To show ineffective assistance, Morgan must have shown that her counsel's actions were objectively unreasonable, and that she was actually prejudiced by those actions. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). This Court noted, at the hearing on May 12, 2005, that based upon Stephenson's testimony in open court, it was apparent that Stephenson had obtained beneficial concessions from the Government in the Plea Agreement that the Government had not been willing to make earlier. As such, Morgan can neither show that Stephenson's actions were objectively unreasonable, nor can she show that she was actually prejudiced by those actions. Morgan therefore did not suffer ineffective assistance of counsel.

THEREFORE, for the above stated reasons, Petitioner's Notice of Appeal (d/e 5), interpreted as a Motion for Certificate of Appealability, is DENIED. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: October 19, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE

5